The Chief Justice
delivered the opinion of the court.
This was a bill filed by appellees to foreclose a mortgage executed by appellant. The mortgage in terms conveys to appellees two lots in Marianna to secure a sum of money due and to be advanced.
The legal title of the property described in the mortgage stands as follows: “In 1866, it was purchased by George W. Robinson, as trustee, and conveyed unto the said George W. Robinson, trustee ‘of the said Ann E. "Wilson, and his successors in said trust, the above described lots or real estate, with all the improvements, rights, privileges and appurtenances thereunto belonging, to have arid to hold said lots or real estate unto him, the said George W. Robinson, as trustee aforesaid and his successors in trust, in as full, complete and perfect right, title and interest, as the property bequeathed to the said Ann E. Wilson, under the will of her father, Jacob Robinson, and with the same powers, and for the same uses and purposes therein expressed.”
The provisions of the will referred to are as follows: “I *180 give and bequeath unto my brother, William H. Robinson, and my son Walter J. Robinson, one seventh part of my estate, both real and personal, but upon this special trust and confidence, and for the purposes hereinafter moniioned, that is to sav,* after my son Isaac becomes of age, to fuller and permit my daughter Ann E. Robinson to receive and use to her sole and separate use, free from the control or contracts of any husband or husbands she may hereaftci have, the income and profits of the said estate for and during her natural life. * * * And it is my further will and desire that should my said daughter leave a child or children living at the time of her death, then and in that case, I give and bequeath said estate, real and personal, to the said child or children, their heirs and assigns forever. But if my said daughter should depart this life leaving no child or children, then' and in that case, it is my will and desire that the said estate, in this item mentioned, go to and I do bequeath the same to my other children in equal proportions, share and share alike.”
The testator died in 1840.
The daughter, Ann E. Robinson, now Wilson, appellant, has one daughter living.
After the death of the testator, George W. Robinson became of lawful age, and, by virtue of a further provision of the will, became a trustee of the said estate, and he is the' trustee named in the deed.
Afterward, and before the commencement of this suit, George W. Robinson died, and after the commencement of suit Isaac C. Robinson was appointed trustee by the court, who also died intestate and there is no trustee acting. Since then, the defendant says, she has endeavored to have another trustee appointed, but has been unable to get any one to accept the office.
Appellant answered setting up the condition of the title and estate, and avers that she fias, and had no other interest in the mortgaged property than a right to the net annual income for life.
The bill was amended and complainants say they were not advised that appellant had only a life interest at the time the mortgage was executed; that the trustee was dead at the date of the mortgage; prays that a trustee may be appointed, if necessary, and made a party of the bill; that the interest of the defendant (appellee) in said property be sold to satisfy said debt, or that a receiver be appointed to take charge of the same and apply the rents and profits to the payment of plaintiff’s claim until the same is satisfied; and in the event said property or interest of defendant, or rents and profits are not sufficient to satisfy said claim,, that execution may issue against her for the balance due,.and for such other relief, &c.
Appellant further answering, says that the property consists of town lots, on which is a dwelling-house, out-houses, and an office. That they need repairs and fencing, and an expenditure of three or four thousand dollars will be necessary to preserve them. She further insists that her said daughter is a necessary party to the suit, and that there should be a trustee appointed, and that no decree can be rendered without the presence of such parties.
The chancellor decreed that there was a sum due the complainants from the defendant under the mortgage, that it be paid, or in default “that the sheriff levy upon and sell the life interest of defendant” in and to the lots; that the defendant and all others claiming any portion of said life interest in and to said lots or any interest therein, by or through defendant, be foreclosed and barred of all equity of redemption, and in the case of a sale that the sheriff put the purchaser in possession.
No trustee was appointed.
Defendant appeals and insists:
1.That there is no équity in the bill.
2. All parties in interest were not before the court.
3. The court erred in decreeing a sale of the property.
4. Defendant had no interest which she could mortgage or convey, or which could be sold.
This appellant had no title to the lots in question, either in fee or for life or for years. The legal title was in the trustee, and she had no estate in reversion or remainder; that was in other'persons mentioned in the will of her father. She had no estate in the land which she could convey or encumber by mortgage; her entire interest was in the income, or rents and profits.
A mortgage is a contract of sale executed with power to redeem, and must have all the properties and qualities incident to the validity of an absolute disposition. 1 Powell on Mortgages, chapter II.
Everything which may be considered as property, whether in the technical language of the law denominated real or personal property, may be the subject of a mortgage. Possibilities, also, being assignable, are mortgageable, a mortgage of them being only a conditional assignment. Rents and franchises, also, may be mortgaged, lb., pages 25, 26.
As to the kinds of property which may be mortgaged, it may be stated that, in equity, whatever property, personal or real, is capable of absolute sale, may be the subject of a mortgage. This is in conformity to the doctrine of the civil law. Therefore, rights in remainder and reversion, possibilities coupled with an interest, rents, franchises and choses in action, are capable of being mortgaged. Story’s Eq. Jur., §1021; 4 Kent’s Com., 144; 3 Stockton (N. X Eq.) 542-3.
By the rule established by the authorities, Mrs. Wilson had an interest in the income, which was the subject of assignment, pledge or mortgage. By the terms of the mortgage she conveyed at least all her interest, and that interest, being only a, right to the income of the property, it must be held that the mortgage operated as an assignment or pledge of the income only to secure her debt. The property itself was vested in a trustee, who had the legal title and right of possession as against her and everybody else so long as the trust remained, subject only to her right, through the courts, to secure its proper and profitable management.
The complainants, then, are the qualified assignees of that income by virtue of the mortgage, and will stand in that relation until their debt is paid by Mrs. Wilson, or out of the income, or until her interest is otherwise terminated.
As has been remarked, Mrs. Wilson had no legal estate in the land, but in the rents and profits. If there was no income she got nothing. She could only have the protection of the court to secure a proper management of the property in order that an income might be produced. By the terms of the trust the property is subject to the personal management and custody of the trustee. Mrs. Wilson looks to him for the income. She could not by sale, pledge or assignment create any new or additional charge upon the property, or change its character or her attitude in respect to it. Her assignment, therefore, gave to the assignee no other interest or right than 'she possessed.
The decree, without appointing a trustee or receiver, directs a sale of the “life interest” of Mrs. Wilson in the lots described, and that the sheriff put the purchaser in possession. This life interest being merely a right to the income or net profits realized, is not such an estate as may properly be sold and conveyed, and the possession of which can be delivered to a purchaser.
The effect of the assignment heré is to give to the “mortgagees” the right to subject the net income to the payment of their demand. See Edwards on Receivers, 2 Ed., 537.
The whole legal estate is vested in the trustee so Mng ns any of the valid purposes of the trust continue. (1 Barb. *181 Ch. R., 329.) A trustee in whom is vested the legal estate is a necessary party in all proceedings affecting the estate, where there is a remainderman, for the trustee is liable for the proper care and preservation of the property. (Hill on Trustees, 384 el seqTiffany and Bullard, S09, 815.) Here the custody and management of the property is directly involved. The court should take measures (o secure the protection of the property for the benefit of those entitled to the remainder. Hill on Trustees, 385.
There is no trustee now in existence, acocrding to the pleadings in this case; nor is it slated who is in possession, or that the property now yields an income.
The bill prays the appointment of a trustee, and the answer states that the appellant has endeavored to procure the appointment of a trustee; but that she has been unable to find any person willing to undertake the trust.
Upon a final decree the court can appoint a trustee, (King vs. Donelly, 5 Paige 46;) and if no proper person is found to take the trust, a receiver must be appointed who, under the direction of the court, will protect the rights of all persons interested in the estate. Kerr on Receivers, 21.
The court should appoint a trustee to take charge of the property, to secure its due protection and management, and direct him to apply the net income to the payment of the indebtedness of Mrs. Wilson, to secure whieli the moitaage or pledge was executed, until the same shall bo paid, or until the indebtedness shall be otherwise satisfied or the trust terminated. If '.t shall be l'ound impracticable to appoint a suitable person to be a trustee, n receiver should be appointed with the like powers and duties.
It is unnecessary \o make the persons entitled to the remainder parties in this proceeding, as their interests are represented by the trustee or receiver, and they are under the protection of the court.
The decree, so far as it directs a “foreclosure” of all equity of redemption, and a sale of the interest of Mrs. Wilson in the property, and a delivery of the property into the possession of the purchaser, is reversed, with costs of the appeal and proceedings in this court to be paid by the appellee. Cause remanded for further proceedings.
Westcott, J., did not hear this case.