FLORIDA LAND COMPANY, a Corporation organized and existing under the laws of the State of Florida, *Appellant*, v. M. D. GRAHAM, as Tax Collector of Levy County, Florida, *Appellee*.

Division B.

Opinion filed April 4, 1929.

*Fred Cubberly* and *E. G. Baxter*, for Appellant;

*Fred H. Davis*, Attorney General, *J. C. Adkins, John R. Willis* and *W. S. Broome*, for Appellee.

BUFORD, J.—The appellant exhibited its bill of complaint in the Circuit Court in and for Levy County seeking to enjoin the sale of certain lands in that county for taxes

assessed for the year 1926. On hearing a temporary restraining order was granted. Thereafter motion was made to dissolve the temporary restraining order and thereafter that motion came on to be heard and an order was made dissolving the temporary restraining order.

From this order appeal was taken.

The ground of the complaint was that the lands of the complainant which had been assessed at $3.00 per acre were assessed at a higher valuation than was certain farm and agricultural lands assessed in the county. The bill does not allege that the lands were assessed higher than their actual value, or at a higher valuation than were the lands of like character and like situation assessed.

In the City of Tampa v. Palmer et al, 89 Fla. 514, 105 So. R. 115, this Court says:

Mere inadvertence, or a bona fide mistake of judgment, in fixing a valuation for purposes of taxation, does not, in itself, amount in law to a fraud, and relief will not be granted by courts of equity solely upon the ground that the valuation is excessive, unless such valuation is so obviously and flagrantly excessive as to amount in law to a fraud and clearly imputes to the tax assessor an intention to arbitrarily discriminate against the complaining taxpayer.

In instances of complaints founded solely upon a claim of excessive valuation resulting from a bona fide, but mistaken, exercise of judgment by the tax assessor, and unaffected by any obvious and palpable abuse of discretion or other element of illegality in matter of law, the remedy of the taxpayer is before the administrative body provided for the equalization of valuations and assessments.

In order for equity to take jurisdiction and grant

relief against an ad valorem tax imposed upon real property, the case must be brought within some recognized principle of equity jurisdiction. A claim of excessive valuation alone, resulting solely from a bona fide, but mistaken exercise of judgment, the validity of the tax being affected by no other element of illegality in matter of law, and there being no intentional or other disregard of law or abuse of authority will not suffice as a ground of equitable jurisdiction, unless the valuation is so flagrantly and obviously excessive as, within itself to amount to a fraud and clearly imputes to the tax assessor an intention to arbitrarily discriminate against the complaining taxpayer.

The complainant failed to make a case meeting the rule as enunciated in the opinion above referred to.

The complainant also failed to comply with Sec. 1038, Comp. Gen. Laws of Fla., 1927, being ·Sec. 1 of Chap. 8586, Acts of 1921, in that it did not tender into court and file with the bill of complaint the full amount of the tax which it admitted was legally due by it. Nor did it file with the bill of complaint a receipt showing payment of the same prior to the institution of the suit. See also Sec. 2, Ch. 10023, Acts 1925, Sec. 1008 Comp. Gen. Laws 1927.

For the reasons stated the temporary restraining order should not have been granted, and, therefore, the order dissolving the temporary restraining order was without error and should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.