FLORIDA GROWERS, INC., a Florida Corporation, et al., *Appellants*, vs. THE CITY OF STUART, a Municipal Corporation, et al., *Appellees*.

141 So. 735.

Division B.

Opinion filed May 18, 1932.

Petition for rehearing denied July 28, 1932.

*Dame & Rogers,* for Appellants;

*G. M. Wise* and *Smith & Kanner,* for Appellees.

TERRELL, J.—Appellants filed their bill of complaint against appellees seeking to invalidate the tax assessments imposed on their lands by appellees for municipal purposes for the years 1926, 1927 and 1928, to cancel all tax certificates that have been issued against said lands, and to grant appellants a temporary restraining order restraining appellee from selling their (appellants') lands for the non-payment of municipal taxes. A temporary restraining order was granted as prayed for but was later dissolved. This appeal is from the decree dissolving the temporary restraining order and sustaining a demurrer to the bill of complaint.

Numerous errors are assigned but concisely stated appellant relies on the invalidity of Chapter 11214 Laws of Florida, Acts of 1925 as amended by Chapter 11750 Acts of 1925, and proceedings thereunder in the matter of assessing their lands as grounds for reversal.

Even if proper to adjudicate the validity of Chapter 11214 Acts of 1925 and the incorporation of appellee thereunder in this proceeding, under well recognized decisions of this Court we must refrain from doing so as the invalidity complained of was at least in part cured by Chapter 14408 Special Acts of the Legislature of 1929, and then the judgment below may be affirmed and the cause disposed of on other grounds without passing on the validity of the act challenged. Carolina-Florida Planting Co. v. Maige, 64 Fla. 234, 60 So. 346; L. Maxcy, Inc. vs. Mayo, decided by this Court November 14, 1931.

As to the assessments complained of appellants rely for reversal on the rule approved by this Court in Roberts vs. American Nat'l Bank, 97 Fla. 411, 121 So. 554; Folsom vs. Bank of Greenwood, 97 Fla. 426, 120 So. 317; and Florida Land Co. vs. Graham, 97 Fla. 476, 121 So. 462.

In its application to the instant case the rule approved in these cases is to the effect that when a tax assessor impose an assignment on a designated class of property of one owner and intentionally or purposely fails to assess large amounts of other property belonging to the same class and subject to assessment the first assessment amounts to an unlawful discrimination and may be enjoined without paying any part of the tax as required by Section Eight of Article Nine of the Constitution because the validity of the entire tax is assaulted.

We do not think appellants bring themselves within this rule. True the bill of complaint alleges gross inequalities between the assessment of property located in the rural portion of the City of Stuart and that located in the business or settled portion of the city. It also alleges that some property in the city is omitted from the assessment roll, that other properties are assessed far above their value while still others are assessed much below their value but it is not alleged or shown that the assessor perpetrated a wilful and flagrant fraud on appellants in the assessment or that appellants' lands are treated any different from other lands of the same class or that they are arbitrarily singled out and discriminated against in the manner by which they were assessed, nor that taxable property was intentionally or wilfully omitted from the tax roll for an improper purpose. City of Tampa vs. Palmer, 89 Fla. 514, 105 So. 115.

Other questions raised have been considered but in the view we take of the case a discussion of them would serve no useful purpose.

The decree below is accordingly affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.