CITY OF DELAND, a municipal corporation, organized and existing under the laws of the State of Florida, and F. M. FORD, as City Treasurer and Collector of the City of De-Land, a municipal corporation, of Volusia County, Florida, *Appellants,* v. ROBERT H. BOYD and HARRIET A. BOYD, *Appellees.*

147 So. 575.
En Banc.
Opinion filed April 6, 1933.
Re-hearing denied May 13, 1933.

*D. C. Hull* and *Hull, Landis & Whitehair,* for Appellants;

No appearance for Appellees.

PER CURIAM.—A bill in equity was filed by appellees, seeking to enjoin the sale of complainant's property in the City of DeLand for unpaid city taxes thereon, and to have the entire assessment declared illegal and void.

There is no showing in the bill that complainants had

ever returned their property for taxation, or that they had ever made any complaint on the day set for hearing tax complaints, or that complainants were without notice, actual or constructive, as to the day set for hearing complaints, nether was it negatived that tax complaints of any who desired to be heard, were not heard as required by law. The Circuit Court, upon the application of complainants, a man and his wife, as property owners of property in the City of DeLand, enjoined the entire tax sale by the municipal authorities, not only as to the property of complainants, but as to all other property owners in the City as well, notwithstanding the fact that complainants had neither paid nor offered to pay the municipal taxes assessed against them, or any part thereof, for the year 1927, for which the sale was to be made if not enjoined. The appeal here is from the final decree.

Where a bill in equity filed by a tax payer to enjoin a tax sale of his property for unpaid taxes, fails to show that the unpaid taxes complained of were levied under an unconstitutional statute, or were not authorized by statute, or were for an unlawful purpose, or that any system or rule of valuation had been adopted and followed with a design to work an unconstitutional discrimination between tax payers as to valuations by depriving the complainant tax payers of the equal protection of the laws, or that the taxes sought to be collected and remaining unpaid have been assessed in violation of any fundamental principle of the Constitution, and such bill further fails to show any alleged unjust and unlawful discrimination not otherwise remediable by proceedings at law, and fails to show that complainants have exhausted their statutory remedies to secure relief against the taxes complained of, and contains no offer to do equity by paying such amount of tax

as the court finds to be legal, or the bill admits to be legal, a general demurrer to said bill should be sustained and the bill dismissed. Harjim, Inc. v. O'Bannon, 100 Fla. 755, 129 Sou. Rep. 918; Florida Land Co. v. Graham, 97 Fla. 476, 121 Sou. Rep. 462; Crawford v. Bradford, 23 Fla. 404, 2 Sou. Rep. 782.

A court of equity should not upon a bill for injunction filed to enjoin the collection of taxes, or the enforcement of same by tax sale, upon the application of one or more individual complainant or complainants who are parties to the suit, enjoin the tax sale complained of as to the property of non-complaining property owners not parties to the suit. This is true even as to parties who would have been entitled to have intervened, but who did not intervene in a class suit, brought by complainant tax payers for the benefit of themselves and all other tax payers similarly situated who might desire to avail themselves thereof, and secure the relief prayed for. Stiles v. City of Guthrie, 3 Okla., 26, 41 Pac. Rep. 383; Wyandotte & K. City Bridge Co. v. Wyandotte County, 10 Kan. 326. This Court has held, that private individuals as such, have no standing in a court of equity to sue solely for the protection of the rights of the general public. Brown v. Florida Chautauqua Ass'n., 59 Fla. 447, 52 Sou. Rep. 802. Tax suits form no just exception to this rule.

The decree appealed from is reversed with directions to dismiss the bill at complainant's costs in both courts.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.