JOE CROSBY v. L. F. CHAPMAN, as Superintendent, State Prison.

153 So. 149.

En Banc.

Opinion Filed February 19, 1934.

*Parks M. Carmichael,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondents.

BROWN, J.—The petitioner seeks to be discharged on habeas corpus upon the ground that the informations under which he was convicted and sentenced to the penitentiary are so defective as to warrant his discharge. The petitioner was jointly informed against with F. C. Syfret and E. E.

Blair by the County Solicitor of Duval County on two separate informations, each containing two counts, one count charging forgery and the other uttering of the forged instrument in the first count. The sentence on one of these informations was to take effect upon the expiration of the sentence imposed on the first information. Therefore, the first information is the one involved in this writ of habeas corpus, although both the informations are similar. Section 7324, C. G. L., provides that: "Whoever falsely makes, alters, forges or counterfeits * * * any passage ticket, pass or other evidence of transportation issued by a common carrier, with intent to injure or defraud any person, shall be punished by imprisonment as therein prescribed" The information in this case charging that the petitioner and the two other persons named, on a certain date, in the County of Duval and the State of Florida, "falsely and fraudulently did forge a certain writing or printing purporting to be a Jacksonville Traction Company weekly pass, of the tenor following; that is to say:

M. O. HUCH PAINT COMPANY, INC.

FRIENDLY SERVICE

1932                                              1932

JACKSONVILLE TRACTION COMPANY

WEEKLY PASS

May 9                    to                    May 15

inclusive

Price $1.25

   Pass bearer on cars of Jacksonville Traction Company within days printed above. This pass is to be shown to Operator and is good for only one passenger and shall be in passenger's possession while on Car.

        No. 3346        J. P. INGLE, *President*.

GUARANTEED PRODUCTS

PHONE 5-3449    602 Laura St.    5-3449 PHONE

Then follows a copy of alleged advertising matter appearing on the back of said alleged forged printing, and this is followed by these words: "with intent then and there to defraud the Jacksonville Traction Company, a corporation, and divers other persons whose names were to the informant unknown."

Petitioner's contention is that this information does not charge any offense because it fails to contain any allegation that the Jacksonville Traction Company is a common carrier. This point was not raised in the court wherein the petitioner was convicted and sentenced. No objection whatever was raised on this score until months later when this attack was made by a habeas corpus.

Counsel for petitioner cites the case of Hepburn v. Chapman, 149 So. 197, but it was held in that case that habeas corpus is not a remedy for relief against indictments charging offenses defectively or inartificially; that the right to attack an information by writ of habeas corpus is more limited than is permitted by motions to quash or in arrest; that it cannot be used as a substitute for motions to quash or for writ of error, and may avail only when the offense charged does not constitute a crime by reason of the unconstitutionality of the statute invoked, or where there is a total failure to allege any crime known to our law. Applying these principles to the information here involved, we must hold the objection here made to the information insufficient. It is doubtful if the objection here involved, even if it had been raised by motion to quash, would have been good cause for reversal of the judgment on writ of error. We think we would be safe in saying that it is a matter of common knowledge in Duval County that the Jacksonville Traction Company is a common carrier, and the failure to so allege could not have misled the defendant or have em-

barrassed him in the preparation of his defense, or have exposed him to a subsequent prosecution for the same offense. See Section 8369, Comp. Gen. Laws of 1927. Furthermore, the language of the past set forth in the information indicates so strongly that it was issued for a common carrier as to almost obviate the necessity for any express allegation to that effect.

We are clearly of the opinion that it cannot be said that the information so wholly fails to charge any criminal offense under the laws of this State as to nullify the judgment of conviction and the commitment under which the prisoner was held in custody by the respondent. It follows that the writ must be dismissed and the petitioner remanded to the custody of the respondent.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.