SHANNON, Chief Judge.
The plaintiff-appellee, a property owner, filed suit to enjoin the tax collector of Palm Beach County from collecting taxes assessed against its real property, alleging an illegal assessment.
In its complaint the plaintiff alleged that several other pieces of property in the county similar to its property were assessed at a much lower valuation but nowhere in its complaint has the plaintiff alleged that its property is assessed in excess of its actual full cash value. The defendants filed a motion to dismiss the complaint but the court below denied the same, and hence this appeal.
The particular point presented in this interlocutory appeal is whether or not the complaint states a cause of action for in-junctive relief in a challenge to the real estate assessment of the county tax assessor when it fails to allege that such assessment's in excess of the actual full cash value of the property.
The appellants have cited one case in support of their position, Cosen Inv. Co., Inc. v. Overstreet, 1944, 154 Fla. 416, 17 So.2d 788, wherein the Supreme Court affirmed the Circuit Court of Dade County in dismissing such a complaint. The Court, in the Cosen case, stated'
“To perpetuate the practice of assessing all property at a less percentage than that directed by the statute (Chap. 20722, Acts 1941, F.S.A. § 193.-11) would necessarily result in favoring the homesteads. The logic of the opinion in Camp Phosphate Co. v. Allen, [77 Fla. 341, 81 So. 503,] supra, is no longer applicable because the reduced value, even though uniformly lower, is no longer just. Subsequent to the adoption of Art. X, Sec. 7, the practice of assessing property has been in conformity with the statute, that is at one hundred per cent of its true cash value.
“To grant appellant’s request would require us to order a constitutional official act contrary to the statute and by so doing the effect of his act would result in rendering unequal the tax burden to the taxpayers of Dade County.”
In the case of Florida Land Co. v. Graham, 1929, 97 Fla. 476, 121 So. 462, the Su *901 preme Court affirmed an order dissolving a temporary injunction, saying:
“ * * * The bill does not allege that the lands were assessed higher than their actual value, or at a higher valuation than were the lands of like character and like situation assessed.”
The appellee has cited Harbond, Inc., v. Anderson, Fla.App.1961, 134 So.2d 816; and Dade County v. Dupont Plaza, Inc., Fla.App.1960, 117 So.2d 849. In both of these cases, however, there was the allegation in the complaint that the assessment was at or more than the actual full cash value of the property involved.
The order of the lower court is reversed and the cause is remanded with direction for the entry of an order dismissing the complaint filed in this case.
ALLEN and SMITH, JJ., concur.