154 So.2d 734 (1963)
PORT ROYAL, INC., a Florida corporation, and the City of Naples, a municipal corporation organized and existing under the laws of the State of Florida, et al., Appellants,
v.
Vincent H. CONBOY, and other taxpayers of the City of Naples, not named but made parties as members of a class, Appellees.
No. 3852.
District Court of Appeal of Florida. Second District.
June 19, 1963.
William Sheppard, Jr., of Sheppard & Woolslair, Fort Myers, for appellants.
Walter R. Condon, Naples, for appellees.
SMITH, Judge.
The sole question presented by this interlocutory appeal is whether the appellee, Vincent *735 H. Conboy, may maintain this action as a class suit on behalf of himself and all other ad valorem taxpayers residing in the City of Naples. The lower court held that the action was properly brought as a class suit authorized by Rule 3.6, Florida Rules of Civil Procedure, 31 F.S.A. We affirm.
The appellee, as plaintiff in the court below, filed a complaint for declaratory and other relief, reciting that he is a resident of the City of Naples; that he owns real property within said City; that he pays ad valorem taxes on such property; and that in addition to himself there are many persons residing in and owning real property within said City who also pay ad valorem taxes to the City. The complaint states further that the plaintiff brings this action as a class suit, as provided for by Rule 3.6, in behalf of himself and others in like situation  all other ad valorem taxpayers residing in the City of Naples. Named as defendants are the City of Naples, its Tax Assessor, the State Comptroller, and four land development concerns hereinafter referred to as the Corporate Developers.
The plaintiff alleges that by the so-called "Submerged Land Ordinance", passed by the City Council in 1954 and amended in 1957, the City of Naples provided favored tax treatment to developers of submerged land lying within the city limits. The types of land which could come under the purview of the ordinance are (1) "* * * lands composed generally of mangrove swamps, overflowed and other lands * * *"; or (2) subdivisions developed upon lands which had been "* * * composed generally of mangrove swamps, overflowed and other lands. * * *" Pursuant to the ordinance, the City was authorized to promise the developers of such lands that their property would be assessed as acreage only, for a given period of time not to exceed 25 years, upon a showing by the land developers that their developments (with improvements either proposed or effected) would be beneficial to the City from the standpoint of health, safety, or general welfare. It is further alleged by the plaintiff that, between 1954 and 1958, the City, under the apparent authority of the "Submerged Land Ordinance", entered into separate agreements with the defendant Corporate Developers. The effect of these agreements is that the lands of the Corporate Developers, which lands and improvements thereon had met the approval of the City Council, "* * * shall be assessed for City tax purposes as acreage only and at valuations comparable to valuations assessed against other unimproved, submerged lands within the City. * * *" The plaintiff alleges that none of the lands of the Corporate Developers is submerged land. The plaintiff further alleges that the City Tax Assessor, ostensibly honoring the aforesaid contracts, has assessed the lands of the Corporate Developers at certain valuations which the plaintiff claims to be far below their real value. The plaintiff complains particularly of the valuations on the 1962 Naples Tax Roll. In August of 1962, the City Council sat as the Tax Equalization Board of the City of Naples, and the plaintiff objected to that body that the 1962 assessment of the lands of the Corporate Developers should not stand, on the grounds that the said assessments were not based on the fair cash value of said lands; that said lands were assessed at a lower valuation than their fair cash or real value; that said lands were assessed at valuations lower than property of the same class owned by others; that because said lands were not assessed uniformly or equally with other comparable lands, there was placed upon the plaintiff and other similarly situated taxpayers an undue burden; and that the purported contracts from which said assessments stem are ultra vires the City and unconstitutional, the City having no authority to enter into such contracts which deny equal protection of the laws to plaintiff and other similarly situated taxpayers. The Tax Equalization Board denied the plaintiff's objection and allowed the assessments to stand. The plaintiff requested the City to file suit in the Circuit Court for the purpose of voiding the purported contracts. This request was denied *736 by the City. The 1962 Tax Roll for the City of Naples, as presented by the Tax Assessor, was adopted and accepted by the City. Thereupon, the plaintiff filed the complaint herein, alleging all of the foregoing facts and praying for the following relief: that the court declare the purported contracts between the City and the Corporate Developers to be ultra vires the City and null and void; that the court declare void and invalid the 1962 assessment by the Tax Assessor on the lands of the Corporate Developers and require the said Tax Assessor to assess the lands of the Corporate Developers at their fair cash value so that the Tax Roll shall be just and uniform; that the court declare the entire 1962 assessment roll of the City of Naples illegal and enjoin the Tax Collector (who is also the Assessor) from collecting any of the ad valorem taxes until the Tax Roll is just and uniform; that the court require the Tax Assessor to assess and collect past due taxes from the Corporate Developers for each year that the said Tax Roll was not uniform; and that the court decree any further relief which it deems equitable and proper.
The defendants filed motions to dismiss the complaint and motions to strike. The motions to dismiss were upon the grounds: (1) that the complaint failed to state a cause of action; and (2) that the plaintiff was not entitled to bring a class action on behalf of all the ad valorem taxpayers of the City of Naples. After striking various portions of the complaint, the lower court held that the action was properly brought as a class action and ordered the defendants to answer. The defendants have brought this interlocutory appeal, contending (1) that the plaintiff's statement, that he brings this action on behalf of himself and all other ad valorem taxpayers in the City of Naples, does not designate a class sufficiently specific to entitle the plaintiff to bring a class suit; (2) that there are not sufficiently specific allegations of facts to bring the plaintiff's cause within the purview of Rule 3.6, Florida Rules of Civil Procedure; and (3) that there is a conflict of interests between the members of the class (all of the residents paying ad valorem taxes in the City of Naples), in that the defendants themselves are ad valorem taxpayers in said City and their interests would not be served by this suit.
Rule 3.6, Florida Rules of Civil Procedure, provides that "When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole."[1] In City of Lakeland v. Chase National Company, 1947, 159 Fla. 783, 32 So.2d 833, Justice Barns said:
"* * * Provisions by statute and court rules authorizing and relating to class suits must be general in their nature because the jurisprudence has not yet been able to settle these matters with formulistic certainty. Our statute like the former Federal Equity Rule 38 from which it was taken is in broad and general terms and it should be applied with a consideration of its history and the requirements of fairness, convenience, `due process' and the circumstances of the case."
It is fundamental that an action is not a class suit merely because the plaintiff designates it as such in the complaint and uses the language of the rule. Whether it is or is not a class suit depends upon the circumstances surrounding the case. However, the complaint should allege facts showing the necessity for bringing the action as a class suit and the plaintiff's right to represent the class. The plaintiff should allege that he brings the suit on behalf of himself and others similarly situated. The complaint should allege the existence of a class, described with some degree of certainty, and that the members of the *737 class are so numerous as to make it impracticable to bring them all before the court. It should be made clear that the plaintiff adequately represents the class, and whether a party adequately represents the persons on whose behalf he sues depends on the facts of the particular case. Generally, the interest of the plaintiff must be co-extensive with the interest of the other members of the class. A class suit is maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts.
In the light of the foregoing general principles, we conclude that the plaintiff-appellee may properly maintain the instant action as a class suit. The class which he seeks to represent is described as "all ad valorem taxpayers residing in the City of Naples who are in like situation as plaintiff." Obviously, the members of the class are so numerous that it would be impracticable to bring them all before the court. Although the plaintiff did not set out the precise number of ad valorem taxpayers in the City of Naples, this court will take judicial notice of the fact that the members of the class are far too numerous to require bringing each and every one of them before the court. See Selle v. City of Henderson, 1949, 309 Ky. 599, 218 S.W.2d 645. We think the plaintiff adequately represents the class. He alleges in the complaint that he is an ad valorem taxpayer residing in the City of Naples.
The question posed by the proceedings in the lower court is the legality of the tax benefit contracts and the assessments based thereon. The question will be governed by the same legal principles and identical facts. In such a case, the class suit is a proper device  if the aforementioned requisites are met.
The appellants contend that there is a conflict of interest between the members of the class, in that from the very words of the complaint the defendant Corporate Developers are ad valorem taxpayers in the City of Naples and their interests would not be served by this suit. We find no merit in this contention. The Corporate Developers are excluded from the plaintiff class, since, although they may be ad valorem taxpayers in the City of Naples, they are not among those who the plaintiff designated as "situated similarly to himself." Any ad valorem taxpayer residing in the City of Naples who receives favored tax treatment under the terms of the challenged contracts would be excluded from the plaintiff class.
The appellants also point to the fact that over one hundred and sixty ad valorem taxpayers sought to intervene as defendants in the court below, on the grounds that they felt that the appellee was "not representative of the taxpayers of the City of Naples. * * *" This petition was filed after the lower court entered the order appealed from. Therefore, it has no relevance to this interlocutory appeal. There is no indication in the record as to what, if any, disposition was made of the petition.
We are aware of the decisions in Osceola Groves, Inc. v. Wiley, Fla. 1955, 78 So.2d 700; City of Deland v. Boyd, 1933, 109 Fla. 328, 147 So. 575; and Lakeland v. Chase National Company, supra. Those decisions, however, are not pertinent to the instant case. In Osceola Groves, Inc. v. Wiley, supra, several plaintiffs who had entered into contracts of sale and lease agreements with the defendant sought to bring a class suit for an accounting and for other relief, on behalf of themselves and others similarly situated. It appeared that numerous parties other than the named plaintiffs had entered into similar contracts and agreements. The Supreme Court held *738 that the named plaintiffs could not maintain a class suit on behalf of all of the parties with whom the defendant had dealt, principally because there were several, distinct contracts, and if any party was unhappy with his arrangement with the defendant he could sue in his own behalf. The Court said:
"* * * There may be differences in every one of the many contracts involved of a nature that would result in the legal rights of the parties, in each instance being different."
In City of Lakeland v. Chase National Company, supra, the plaintiffs brought suit "in their own behalf and in behalf of each and every person too numerous to mention or list herein, interested or claiming any interest either as owner or lienor in or upon any of the property" involved in a previous foreclosure suit which had been brought by the City of Lakeland. Named as defendants were the City of Lakeland and the Master who had been appointed in the foreclosure proceedings, "as representatives of each and every person claiming an interest in any of the property" by virtue of the foreclosure proceedings and sale. The lower court allowed the plaintiffs to prosecute the suit as a "class suit" and the named defendants and certain intervening defendants to defend as representatives of "classes." The Supreme Court reversed as to the representative suit. Noting the failure of the parties to make clear what property was claimed by whom, the Court stated:
"It may be that the named defendants neither have nor claim any interest in any property as to which the named plaintiffs claim or have an interest.
* * * * * *
"In class suits it is important to plead and describe the class with certainty whether the class be plaintiffs or defendants and if they are considered so numerous as to make it impractical to bring them before the court it too should be plead and proved with a fair degree of certainty. * * *
* * * * * *
"The provision for class suits is not a rule of law to be blindly followed without regard to the companion principle of law that no one can be bound by a judgment affecting his property without his day in court.
"It is evident that the interest of persons not parties to this suit can be better protected under the circumstances plead and proved herein when they defend for themselves after being proceeded against. The claimants to land sold by the master under the decree cannot be considered so numerous as to make it `impractical to bring them before the court'. `Impractical' as used in the statute is not to be treated as synonymous with inconvenient."
In City of Deland v. Boyd, supra, the plaintiffs, a man and his wife, as owners of certain property in the City of Deland, filed a bill in equity, seeking to enjoin the sale of their property for nonpayment of taxes thereon and to have the entire assessment declared illegal and void. The lower court enjoined the entire tax sale by the municipal authorities, not only as to the property of the plaintiffs, but as to all other property owners in the City as well. The Supreme Court reversed, holding that the plaintiffs' complaint should have been dismissed for failure to allege facts warranting the equitable relief sought. The Court went on to state that:
"A court of equity should not upon a bill for injunction filed to enjoin the collection of taxes, or the enforcement of same by tax sale, upon the application of one or more individual complainant or complainants who are parties to the suit, enjoin the tax sale complained of as to the property of noncomplaining property owners not parties to the suit. This is true even as to parties who would have been entitled *739 to have intervened, but who did not intervene, in a class suit, brought by complainant taxpayers for the benefit of themselves and all other taxpayers similarly situated who might desire to avail themselves thereof, and secure the relief prayed for. * * *"
The Florida Supreme Court has allowed representative suits to be brought by one or a few members of a class of property owners, where the question raised was one of common interest to all members of the class. Allen v. Avondale Company, 1938, 135 Fla. 6, 185 So. 137; Town of Davenport v. Hughes, 1941, 147 Fla. 228, 2 So.2d 851; City of Miami Beach v. Tenney, 1942, 150 Fla. 241, 7 So.2d 136. See also Skinner v. Mitchell, 1921, 108 Kan. 861, 197 P. 569, where it was held that a single taxpayer may properly bring a class action (to compel the issuance of tax receipts) on behalf of himself and 874 other taxpayers similarly aggrieved, because the same legal questions were involved and the character of relief sought was applicable to all.
The order appealed from is affirmed.
SHANNON, C.J., and KANNER, J., concur.
NOTES
[1] The rule is derived from Florida Equity Rule 14 and is identical with the old Federal Equity Rule 38.