PEARSON, Chief Judge.
The appellant, L. J. Goodman, sought a declaratory judgment in the trial court. The purpose of the action was to secure a determination of the appellant’s interest in the Employees’ Profit Sharing Program of Winn-Dixie Stores, Inc. The trial court held that the appellant had no interest in the program upon the ground that the appellant had voluntarily relinquished his interest under a portion of the plan which provided that if an employee voluntarily resigns from his employment prior to having attained the age of 35 years the value of his account is forfeited. We reverse upon a holding that an employee absent from work because of a lawful strike in which he is participating may not be said to have voluntarily resigned from his employment.
The facts are in the main undisputed. However where there is conflict in the testimony before the court we have accepted the facts in the light most favorable to the determination of the trial judge as a finder of fact. Cf. Cameron v. State, Fla.App.1959, 112 So.2d 864. The appellant was employed by Winn-Dixie Stores, Inc. for almost 15 years. His employment was, insofar as this record is concerned, entirely satisfactory, and it is clear that he was not discharged for conduct detrimental to the best interest of the appellee, his employer. He was a participating employee in the Employees’ Profit Sharing Program. The total amount of benefits in appellant’s account under the plan as of June 29, 1968, was $6,004.84. On November 11, 1968, the appellant participated in a lawful labor strike against the appellee. At the time the strike began appellant was 33 years of age. Appellant’s labor union is still on strike but appellant has abandoned his position and is employed elsewhere.
The chronology of the termination of appellant’s employment is as follows: Shortly before the strike appellee notified its employees that those who participated in the strike would be permanently replaced. After appellant absented himself from his employment by participating in the strike, the appellee on November 16, 1968, invited him, by letter, to return to *498 work. Appellant chose not to return to work, and on January 29, 1969, appellee hired a permanent replacement for appellant. Appellant obtained other employment in March of 1969. On May 28, 1969, appellee informed appellant, by letter, that because of his voluntary termination of employment he had forfeited all funds previously credited to his account.
The provisions of the agreement adopted by appellant upon his participation in the plan were as follows:
"Section 7.3 — Partially Vested Accounts
In the event that a participating employee voluntarily terminates his employment or is discharged by his employer for conduct which, in the sole discretion of the Committee, is detrimental to the best interest of his employer (except as modified by Section 7.4 below) the amount then standing to the credit of his account shall be used and disposed of as follows * *

“(d) If such employee has not attained age thirty-five (35), the entire amount or value of his account shall be forfeited.
“(3) All amounts forfeited by the termination of employment of any employee shall be allocated and credited to the accounts of the participating employees of his Employer as hereinabove provided.”
This is the portion which the trial judge held was applicable so as to terminate appellant’s interest in the plan. The pivotal question is whether or not the record contains evidence which will sustain a finding that appellant “voluntarily terminated his employment.” We think that it is clear that ordinarily an employee is held not to have resigned his employment by participating in a lawful strike. State ex rel. Frazier v. Coleman, 156 Fla. 413, 418, 23 So.2d 477 (1945); Pinellas Co. C. Teachers Ass’n v. Board of Public Instruction, Fla.1968, 214 So.2d 34. As has been noted above the appellee prior to the commencement of the strike notified appellant that if he saw fit to exercise his lawful right to strike, he would be permanently replaced. This announced intention was carried out when appellant was permanently replaced for his participation in the strike. It therefore seems clear that this action by the appellee constituted a discharge rather than a voluntary termination of the employment by the appellant.
We are further convinced to this conclusion by the fact that the express purpose of the Employees’ Profit Sharing Program was to create an estate for loyal and faithful employees who had continued for a long period of time as a part of appellant’s business. As has frequently been pointed out in the construction of contracts, the intention of the parties should govern. We therefore think that it is the duty of the courts to construe this contract between the appellant and the appel-lee in order to effect its express intention rather than in a manner to constitute a forfeiture which the courts will ordinarily avoid. Nash Miami Motors v. Bandel, Fla.1959, 47 So.2d 701; Wash Bowl, Inc. v. Miami Coin-O-Wash No. 3, Inc., Fla.App.1966, 184 So.2d 674.
Accordingly the declaratory judgment is reversed and the cause remanded with directions to enter a judgment holding that the plaintiff-appellant did not voluntarily terminate his employment and that he is entitled to participate in the Employees’ Profit Sharing Program to an extent and in a manner to be determined by the trial court. See § 86.011 Fla.Stat, F.S.A.; Cf. Frank J. Rooney, Inc. v. Charles W. Ackerman of Fla., Fla.App.1969, 219 So.2d 110.
Reversed and remanded.