ADKINS, Justice.
This cause is before this Court on petition for certiorari to review a decision of the District Court of Appeal, Third District, Winn-Dixie Stores, Inc. v. Goodman, 259 So.2d 789 (Fla.App.3d, 1971), upon an alleged conflict with several earlier decisions by this Court and other District Courts of Appeal. This Court granted cer-tiorari, but upon further consideration, we have determined that the case sub judice presents no direct conflict with the cases relied upon by petitioner, Winn-Dixie Stores, Inc., as required by Fla.Const., art. V, § 4, F.S.A.
Respondent Goodman was an employee of Winn-Dixie and was replaced by the company when he walked off his job in an economic strike. He has subsequently obtained other employment. He brought the present action against Winn-Dixie for $6,004.84 held in his name in the Employee Pension Fund. Winn-Dixie is trustor or settlor of the Fund, with Atlantic National Bank of Jacksonville acting as trustee. A Profit Sharing Committee administers the Fund, and, in the present case, determined that Goodman was not entitled to a share of the Fund as he had left Winn-Dixie voluntarily before reaching the age of 35. Such action, they say, destroys any claim of an employee to a portion of the Fund. The trial court upheld the finding of the Committee, but the District Court of Appeal reversed, finding Goodman had not left Winn-Dixie voluntarily. The trial court, on remand, entered a money judgment for Goodman, and the District Court affirmed.
During the course of the proceedings before the trial court, Winn-Dixie raised the issue of failure to join as parties defendant the trustee of the Fund, and the Committee charged with administration of the Fund three times: by motion to dismiss; by the answer; and by motion for summary judg *466 ment. The trial judge ruled against Winn-Dixie, and this is the issue which the store now urges before this Court. However, the issue of joinder of indispensable parties was not raised by cross assignment of error before the District Court of Appeal in the appeal by Goodman, and the Court did not consider the issue in its opinion. Goodman v. Winn-Dixie Stores, Inc., 240 So.2d 496 (Fla.App.3d, 1970).
Florida Appellate Rule 3.5(b), 32 F.S.A provides:
“Within 10 days after the appellant has filed his assignments of error, the appellee if he desires -review on any adverse ruling must file his cross assignments of error with the said clerk.”
It is contended by Goodman that the failure of Winn-Dixie to raise the issue of joinder of indispensable parties before the District Court of Appeal acts as a waiver of the defense. We agree.
The cases relied upon by Winn-Dixie present the general rule that a trustee is an indispensable party in a- suit involving the trust. Wilson v. Russ, 17 Fla. 691 (1880). While the failure to join the trustee as a party defendant in the case sub judice might arguably be contrary to the decision Rf this Court in Wilson, the issue was considered only by the trial court, as the issue was not raised before the District Court of Appeal.
The certiorari jurisdiction of this Court depends on a
“[Djecision of a district court of appeal . that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law.” Fla.Const., art. V, § 4, F.S.A.
In the case sub judice, there is no decision by the District Court of Appeal as to join-der of indispensable parties with which to find conflict. Winn-Dixie urges that, since the decision of the District Court of Appeal was a per curiam affirmance, the rationale of Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla.1965), would allow this Court to go behind the decision of the District Court of Appeal to the record proper to find conflict. Foley does not allow a finding of conflict where the District Court of Appeal could have made no decision because the matter in question was neither presented nor considered. Thus, there is no basis for conflict jurisdiction.
Winn-Dixie also urges that the legal effect of the decision in the case sub judice is to rewrite the. contract between itself and its employees. The store urges that the result is in direct conflict with Home Development Company of St. Petersburg, Inc. v. Bursani, 178 So.2d 113 (Fla.1965). However, the result of the District Court of Appeal opinion in Goodman is not a rewriting of the contract, but is based on two considerations of the Court:
1. A finding that Goodman had not voluntarily terminated his employment, and
2. An interpretation of the contract between the parties so as to “effect its express intention rather than in a manner to constitute a forfeiture.” Goodman v. Winn-Dixie Stores, Inc., supra, 240 So.2d at page 498.
Thus, there is no conflict between the decision of the District Court of Appeal in the case sub judice and those relied upon by Winn-Dixie. This Court is without jurisdiction under the Florida Constitution to consider the merits of the cause.
Accordingly, the writ must be and is hereby discharged.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and BOYD, JJ., concur.