BOARDMAN, Judge.
The appellant entered into a written agreement with Terminal Van Lines, Inc. (Terminal), a common carrier and not a party here, for the shipment of goods. This agreement included the option to pay $10.50 to Terminal, as agent for appellees, for $3,000 insurance coverage on the goods shipped. The option was elected by the appellant, Mildred Randall. At the time of this shipment, and prior thereto, Terminal had its own contract of insurance with the appellees insuring Terminal against liability to shippers for damage to goods during transit. Appellant filed a class action against the appellees (who insure Terminal under a pooling arrangement) contending that the appellees could not lawfully collect a premium from shippers if the insurer was at the same time writing liability insurance coverage for the common carrier.
Appellees moved to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a cause of action in that the complaint does not allege a proper predicate for maintenance of a class action. After proper hearing, the trial court found that the appellant’s complaint did not allege a proper class action and granted the appellees’ motion without prejudice to further amendment by the appellant. Plaintiff declined to plead further and the trial court entered final judgment for appellees. This timely appeal followed.
The appellant relies heavily on Port Royal, Inc. v. Conboy, Fla.App.2nd, 1963, 154 So.2d 734, as authority that the complaint filed does state a proper class action. This reliance is misplaced. Port Royal, supra, is a taxpayer action attacking a single ordinance which affected all member? of the class equally and is patently distinguishable from the case at bar on the facts. In that case, the court recognized the oft cited case of Osceola Groves, Inc. v. Wiley, Fla.1955, 78 So.3d 700, as controlling in situations where there were several, distinct contracts, as is the case here. *62 Accordingly, under the law of the Osceola Groves case, supra, the order appealed is-
Affirmed.
HOBSON, Acting C. J., and GRIMES, J., concur.