THE CITY OF ALBANY *et al. vs.* THE SAVANNAH, FLORIDA AND WESTERN RAILWAY.

A municipal corporation cannot exercise any power not granted by the legislature, nor can it exercise a power which the state reserves to itself and which the legislature has provided should be exercised by its own officer (in this case the comptroller general); and the legislature having provided for the assessment of a tax on railroad companies in this state, and its payment and collection by the comptroller general of the state in a particular way, if power to assess and levy a tax on railroads had been conferred on a municipal corporation by a previous act, it must yield to the last act upon the subject; such corporations not only get their breath of life, but their continued existence, from the legislature.

(a.) There was no power in the city of Albany to levy and collect a

tax on the property of a railroad used in its business and opera-tion as a railroad company, the levy being on such property alone.

September 25, 1883.

Municipal Corporations. Tax. Laws. Before Judge Bower. Dougherty County. At Chambers. August 27, 1883.

Reported in the decision.

W. T. Jones, for plaintiffs in error.

Chisolm & Erwin; R. Hobbs, for defendant.

Blandford, Justice.

The city of Albany having issued certain *fi. fas.* for taxes against the Savannah, Florida and Western Railway, for certain taxes due on its property in said city of Albany, said property being used by it in the operation and busi-ness of said railway, and caused the same to be levied by its marshal upon the property of said company, so used in its business and operation as a railway, the company brought its bill in the superior court, praying an injunc-tion to restrain said city of Albany and its officers from further proceeding with said *fi. fas.* The chancellor granted the injunction, and this writ of error is prosecuted to re-view and reverse the order granting said injunction.

The act of the legislature of 1874, page 103, provides, " That. all railroad companies incorporated in this state shall pay an annual tax of one-half of one per cent on their net earnings." It is further provided by the act approved February 28, 1874, pamphlet page 107, that returns shall be made by the presidents of all railroad companies in this state to the comptroller general; that the property be taxed as other property of the people of this state; and that the presidents shall pay to the comptroller general the taxes assessed upon the property of said railroad com-panies.

A municipal corporation cannot exercise any power not granted by the legislature, nor can it exercise a power which the state reserves to itself, and which the legislature has provided should be exercised by its own officer, to-wit: the comptroller general; and the legislature having provided for the assessment of a tax on railroad companies in this state, and its payment and collection by the comptroller general of the state in a particular way, a municipal corporation, if power to assess and levy a tax on railroads had been authorized by a previous act of the legislature, must yield to the last act upon this subject. Such corporations not only get their breath of life, but their continued existence, from the legislature.

There was no power in the city of Albany to levy and collect the tax referred to, as the same was upon the property used in the operation and business of the company, and not upon property other than this in said city, not used for railroad purposes. It follows that the judgment of the court granting the injunction must be affirmed.

Judgment affirmed.