The City Council of Augusta *vs.* The Central Railroad *et al.*

# THE CITY COUNCIL OF AUGUSTA *vs.* THE CENTRAL RAILROAD *et al.*

The right to tax railroads and the property used by them in their business as common carriers, is reserved to the State, and no municipal corporation has any power to lay such a tax. Therefore where the ordinance of a city " to fix the annual and specific taxes . . . on business occupations and professions for the year 1886, and to provide for the collection of the same," levied a tax of $500 on all railroads, and executions were issued therefor, their enforcement was properly enjoined, it appearing that the complainant companies did no other business in the city except such as was authorized by their charters as carriers of freight and passengers.

November 23, 1886.

Tax. Railroads. Municipal Corporations. Before Judge RONEY. Richmond Superior Court. October Term, 1886.

Reported in the decision.

JOHN S. DAVIDSON, for plaintiff in error.

J. C. C. BLACK; J. GANAHL, for defendants.

BLANDFORD, Justice.

The defendants in error exhibited their bill against plaintiff in error to enjoin an execution issued by the city council, under an ordinance which purports to " fix the annual and specific taxes of the city of Augusta on business occupations and professions for the year 1886, and to provide for the collection of the same," to-wit, " on all railroads, five hundred dollars," which executions were issued against defendants in error. The bill was demurred to for want of equity by the city of Augusta. The demurrer was overruled by the court, and he granted the injunction. To this ruling the city of Augusta excepted, and error is assigned in overruling the demurrer to the bill.

The ordinance of the city, taxing railroads, is not a tax on business occupations. A railroad itself does not carry

on any business occupation; it is merely property; it is not a person or an individual, so as to be an inhabitant or resident of the city of Augusta. If a railroad company, which is a corporation, should carry on a business in the city of Augusta, such as warehouseman, broker, drayage or commission business, etc., it would be liable to be taxed as any other person carrying on a like business. But if the railroad company merely does such business as they are authorized to do under their charter as carriers of freight and passengers, then there is no authority in the city of Augusta to levy a specific tax against them for such business or occupation; but the right to tax such corporations is reserved to the State by the act of the legislature of 1874, page 103. This act provides that a return shall be made by the presidents of all railroad companies in this State to the comptroller-general, and that the property be taxed as the property of other people of this State. There is no authority vested in any city in this State to levy and collect such tax, except there be property in such city owned by a railroad company disconnected with the operation of such road. See *City of Albany vs. Savannah, Florida and Western Railway*, 71 *Ga.* 158. From what has been said, it appears that there was no error in overruling the demurrer and granting the injunction.

udgment affirmed.