STATEN *et al. v.* SAVANNAH, FLORIDA & WESTERN RY. CO.

<table>
<tr><td>111</td><td>803</td></tr>
<tr><td>124</td><td>624</td></tr>
</table>

SIMMONS, C. J.　1. Under the decisions of this court in the cases of *Savannah Ry.* v. *Morton*, 71 *Ga.* 24, *City of Albany* v. *Railway*, 71 *Ga.* 158, *County of Houston* v. *Railroad*, 72 *Ga.* 211, *City of Atlanta* v. *Railway*, 74 *Ga.* 16, and *City Council of Augusta* v. *Railroad*, 78 *Ga.* 119, neither counties nor municipal corporations had, prior to the act of October 16, 1889, providing a system for the taxation of railroad property by counties, any statutory authority to tax such property within their territorial limits; nor was there any machinery provided by the legislature for them to assess and collect taxes on such property. There is not, in the act just mentioned or in any legislation subsequent thereto, any attempt to confer such authority, or supply such machinery, with reference to " back taxes " on railroad property; and it necessarily follows that it was not within the power of the authorities of a particular county or of its tax-collector, in 1899, to levy and collect taxes on railroad property necessary for the use and maintenance of the railroad for the years 1880 to 1889, inclusive, and to assess double taxes for those years against the railroad company.

<table>
<tr><td>111</td><td>803</td></tr>
<tr><td>126</td><td>507</td></tr>
<tr><td>111</td><td>803</td></tr>
<tr><td>127</td><td>724</td></tr>
</table>

2. Can a county in any event collect taxes after the lapse of more than seven years from the time when they became due and payable?　*Query:*

3. If so, should not an equitable bar to the collection of such taxes be applied when, on account of the lapse of time and for other sufficient reasons, it would be inequitable or unjust to enforce collection?　*Query.*

*Judgment affirmed. All the Justices concurring.*

Argued July 25, — Decided August 9, 1900.

Injunction. Before Judge Hansell. Lowndes superior court. May 21, 1900.

The county commissioners caused the tax-collector of Lowndes county to enter upon the tax-books certain assessments calculated from returns made by the railway company to the comptroller-general, and to issue executions thereon, amounting to many thousands of dollars, for double taxes alleged to be due by the company for the ten years 1880−1889. An injunction against the enforcement of these executions was granted. In the answer of the defendants it is insisted, that the constitution of 1877 and the statutes passed in pursuance thereof are mandatory that all property not specially exempted by the constitution shall be taxed; that the effect of the constitution upon the act of February 28, 1874, respecting the taxation of railroads, is an open question; and that the adoption of the constitution repealed that act in so far as it operated to relieve from taxation railroad property within a county, not exempted by prior contracts with the State. It is denied that the taxes thus sought to be collected are illegal, or are barred by limitation; and alleged that by repeated statutory enactments they are made a lien until paid.

*S. T. Kingsbery & Son* and *R. F. Ousley*, for plaintiffs in error. *D. H. Pope* and *J. G. Cranford*, contra.