## TOWN OF ARLINGTON *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

1. Following the ruling in *City Council of Augusta* v. *Central Railroad,* 78 *Ga.* 119, there is no authority vested in any municipality in this State to levy and collect an occupation tax upon a commercial railroad doing business in such municipalities.
2. A commercial railroad which maintains a warehouse merely for the purpose of receiving goods for shipment and storing goods shipped to such point, and does not seek or solicit goods for storage, but merely stores in such warehouse the goods of consignees for the reason that such consignees fail or refuse to call for and receive the same, and charges only for such storage the amount authorized by the railroad commission of the State, and for the time so authorized, is not subject to the provision of a municipal ordinance levying an occupation tax upon warehousemen. When a municipality is prohibited, by law from taxing the general business of a commercial railroad as a common carrier, it can not segregate from such business a necessary incident and classify it as an occupation and tax it as such.

Argued December 20, 1906.—Decided February 18, 1907.

Injunction. Before Judge Spence. Calhoun superior court. October 19, 1906.

The Central of Georgia Railway Company brought an equitable petition against the Town of Arlington, alleging, that the plaintiff is a railway company, engaged in the business of a common carrier over various lines of railroad in this State and in the State of Alabama; that it owns the line of track which runs through the Town of Arlington, and in that town maintains a ticket-office and waiting-room, which is a part of its freight and passenger depot; that the authorities of the Town of Arlington have passed an ordinance imposing upon plaintiff a specific business or occupation tax, amounting to $10; that the plaintiff has refused to pay this tax, and the town authorities have issued an execution which they are threatening to levy upon the property of plaintiff. Plaintiff avers, that it is not engaged in any business in the Town of Arlington except such as is authorized by its charter and the laws of this State and the rules of the railroad commission, as a common carrier of freight and passengers, and that the ordinance levying the tax above referred to is null and void for the reason that the plaintiff is a common carrier, engaged in the business of carrying freight and passengers from and to various points within and without the State of Georgia, and is not engaged in any business in the

46

Town of Arlington as a common carrier, or any other business, except such as it is authorized to do by its charter, the laws of the State, and the rules of the railroad commission; and the town authorities have no power under its charter to impose a business or occupation tax upon it. The prayer is for an injunction. The defendant filed an answer, in which it admitted that the plaintiff was a common carrier of freight and passengers as alleged, but averred that it kept and maintained at Arlington a warehouse and storage-room for goods, wares, and merchandise, and charged storage thereon, not as a common carrier of freight, but as a warehouseman, and that it was liable to tax as a warehouseman under the ordinances of the town.

At the hearing the following evidence was introduced: J. G. Jackson testified, that he was agent for the plaintiff at the Town of Arlington, and that the company maintained a ticket-office and waiting-room as a part of its freight and passenger depot in that town, and that plaintiff is not engaged in any business in the Town of Arlington except that which is usually engaged in by a railway company as a common carrier; that it is not engaged in the warehouse business, and does not receive, for the purpose of storage, from the citizens of Arlington, or any other persons, any articles of merchandise, and does not charge for the storage of articles delivered to it at Arlington for shipment, but that where articles have been shipped for delivery to persons in Arlington and they remain in the depot and are not taken out in a reasonable time, in accordance with the storage rules of the railroad commission of Georgia, the plaintiff does charge storage on such articles, but does not charge any more than is authorized by the rules of the railroad commission. A certain ordinance of the Town of Arlington was introduced in evidence, as follows: "Be it enacted by the Town Council of Arlington, Ga., that the following specific tax is levied in said town, to wit: Upon each common carrier not otherwise taxed under the ordinances of said town, upon all their business and occupation carried on in said town which is of such character as to be subject to taxation by said Town Council, the sum of ten dollars. It is the intention of this ordinance that whenever a railroad company or common carrier shall make any charge for any act or service performed by it wholly within the incorporate limits of said town, and sufficiently

within the limits of said town as to be subject to taxing jurisdiction, such as the making of warehouse or demurrage charges for the holding or storing goods in said town, whether the premises on which the storing or holding of such goods be the premises of such carrier or not, or whether the interest of such carrier in such charges be sole or joint with someone else, such carrier shall be subject to this tax. And the enumerations herein contained of examples shall not be restrictive to such carrier, but such carrier shall be liable for the tax upon any business within said town which can be lawfully taxed by said town, but shall not apply to carriers who have paid the lawful business tax equal to said sum in said town upon said occupation, or any part thereof, during the present year. Passed in open Council March 3rd, 1903." Also the following ordinance: "Be it ordained by the Mayor and Council of the Town of Arlington, and it is hereby ordained by authority of same, that from the adoption of this ordinance the business tax shall be as follows: for the fiscal year beginning the first Tuesday in September, 1904, and ending the first Tuesday in September, 1905 [enumerating subjects of taxation]; each railroad company, $10.00. This ordinance passed the 7th day of September, 1904." Also the following ordinance: "Be it ordained by the Mayor and Council of the Town of Arlington, and it is hereby ordained by authority of the same, that from the adoption of this ordinance the business tax shall be as follows: For the fiscal year beginning the first Tuesday in September, 1905, and ending the first Tuesday in September, 1906 [enumerating subjects of taxation]: each railroad, $10.00. This ordinance passed the 8th day of September, 1905." The execution issued against plaintiff was also introduced. The defendant introduced the affidavits of five individuals, who each testified that they had freight shipped to them at Arlington, and after such freight had been stored in the warehouse of plaintiff each had been compelled to pay storage charges. L. L. Lyons testified that the plaintiff had paid the business tax of the character sought to be collected for the two years preceding the year in which the tax now in question was levied. After hearing the evidence the judge granted the injunction as prayed, and the defendant excepted.

*Jesse W. Walters,* for plaintiff in error.

*Wooten & Hofmayer* and *Donalson & Donalson,* contra.

COBB, P. J.    (After stating the facts.)

1. In the case of *City Council of Augusta* v. *Central Railroad,* 78 *Ga.* 119, it was held that a municipal corporation of this State had no power to levy an occupation tax upon what is known as a commercial railroad company, as distinguished from a street-railroad company. In that case the city authorities of Augusta had embraced in their ordinance levying specific taxes the following item: "On all railroads, $500." Mr. Justice Blandford says: "The ordinance of the city, taxing railroads, is not a tax on busi-ness occupations. A railroad itself does not carry on any busi-ness occupation; it is merely property; it is not a person or an individual, so as to be ·an inhabitant or resident of the· city of Augusta. If a railroad company, which is a corporation, should carry on a business in the city of Augusta, such as warehouseman, broker, drayage or commission business, etc., it would be liable to be taxed as any other person carrying on a like business. But if the railroad company merely does such business as they are authorized to do under their charter as carriers of freight and pas-sengers, then there is no authority in the city of Augusta to levy. a specific tax against them for such business or occupation; but the right to tax such corporations is reserved to the State by the act of the legislature of 1874, page 103. This act provides that a return shall be made by the presidents of all railroad companies in this State to the comptroller-general, and that the property be taxed as the property of other people of this State. There is no authority vested in any city in this State to levy and collect such tax, except there be property in such city owned by a railroad com-pany disconnected with the operation of such road." This ruling has never been followed, and the case has never been referred to in specific terms of approval. In *Atlanta National ·Asso.* v. *Stewart,* 109 *Ga.* 94, the case is referred to simply to show that no constitutional question was involved therein, and that the decision was merely the construction of a statute. In *Staten* v. *S., F. & W. Ry. Co.,* 111 *Ga.* 803, it is cited with other cases simply to show that prior to the act of October 16, 1889, providing a "system for the taxation of railroad property by counties," there was no ma-chinery provided by the General Assembly for the assessment and collection of county taxes on railroad property. In *Savannah, Thunderbolt & Isle of Hope Railway* v. *Savannah,* 112 *Ga.* 164,

it is distinguished from the case then in hand, which dealt with the levying of an occupation tax upon street-railway companies located wholly within the city, and the ruling is neither approved nor disapproved in terms. In *Sou. Exp. Co.* v. *Rose Co.*, 124 *Ga.* 595, the writer expressed his dissatisfaction with the ruling, in the following language: "I do not think that this decision is sound, but of course it must be respected as the law until it is overruled. I see no reason why a municipal corporation, under a general power to levy occupation taxes, can not levy an occupation tax upon commercial railroad companies engaged in the business of common carriers in the city, just as they levy an occupation tax upon telegraph, telephone, and similar companies." But the decision has never been overruled, and there is no request for a review in the case now before us, and therefore it must be treated as binding authority, until it is disapproved in the manner provided by the statute. It is absolutely controlling in the present case. It is immaterial what may be the language of the charter of the Town of Arlington in reference to its power to levy occupation taxes. It is impossible for a municipal charter to be broader in its terms in this respect than was that of the City of Augusta; still it was held, in the case we are now following, that the statute which dealt with the subject of ad valorem tax on the property of railroads prevented the provision of the charter in reference to occupation taxes from becoming operative.

2. Counsel for the plaintiff in error, as has been stated, did not ask leave to review the case above referred to, but insists that the case now before us is within the exception referred to in the opinion of Mr. Justice Blandford, that is, that the railway company is carrying on a separate and distinct business as a warehouseman, and is liable, under the ordinance, for an occupation tax as upon that business. If the railroad company was engaged in the business of a warehouseman, separate and distinct from its business as a common carrier, the position might be well taken, but it appears distinctly from the record that the railroad company, so far as it discharges those duties and makes those demands which are incident to the business of a warehouseman, is simply doing this because it is a necessary incident to its business as a common carrier. It receives no goods or wares from people in Arlington or elsewhere merely for storage. When the shipment

has been completed and the consignee fails or refuses to call for and receive the goods within a reasonable time after they have reached their destination, it stores such goods in its freight-house, and charges for such storage in the amounts and in the manner which the railroad commission has provided may be done by common carriers of freight. It neither seeks nor desires to have goods for storage. When compelled, on account of the conduct of the consignee, to store them, it exacts only the storage fees provided by that tribunal which regulates its business as a common carrier. If it can not be taxed as a common carrier, a mere incident to its business in such capacity can not be segregated from its business in its entirety and made subject to an occupation tax. See, in this connection, *Hewin* v. *City of Atlanta,* 121 *Ga.* 723.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*