CITY OF LAKELAND, a Municipal corporation, et al., v. CHASE NATIONAL COMPANY a corporation, R. H. OMOHUNDRO, and ABBOTT AND SON, INC., a corporation, et al.

32 So. (2nd) 833                                    June Term, 1947
December 9, 1947                                       En Banc

*J. C. Rogers and C. N. Casebier,* for appellants.
*Carver & Langston,* for appellees.

BARNS, J.:

By an original bill the City of Lakeland on January 28, 1943, brought foreclosure proceedings under Chapter F.S.A. hereinafter referred to as the "foreclosure suit." This "foreclosure suit" was in rem for the foreclosure of many thousands of tax and special improvement liens against many hundred different pieces of property. Such procedure has been authorized by Section 173.04 F.S.A. The liens were "several" in nature and not common to all the property. They were as separate and distinct, one from the other, as would be as many different mortgages on as much different property.

Process by publication was issued by the Clerk and a final decree was rendered against many hundreds of lots of Lake-

land on January 13, 1944, for the enforcement of liens totalling more than 377,000.00.

A master was appointed by the final decree to make sale of the property and on March 9, 1944, he filed his report of sale reciting that the excess of the proceeds over plaintiffs' lien had been paid into the registry of court which payment into the registry of the court is not shown to have been made.

The appellees-plaintiffs, Chase National Company, R. H. Omohundro, and Abbott and Son, Inc., et al., brought this suit "in their own behalf and in behalf of each and every person too numerous to mention or list herein, interested or claiming any interest either as owner or lienor in or upon any of the property" involved in the foreclosure suit against the City of Lakeland, Ronald A. Julian as Special Master in Chancery, "and as the representatives of each and every person claiming an interest in any of the property hereinafter described as an outgrowth of the in rem foreclosure."

The (Intervening) defendants, Nancy v. Marler, C. P. Selph, Beulah Selph, R. B. Haddock and Haden Mayes and his wife hereinafter referred to as "Marler et al.," answered for themselves and purported to answer for "any and all other persons and corporations who were purchasers of a portion of the real estate at the Special Master's sale, described and referred to in the plaintiffs' Bill of Complaint, and their successors in title," and stated "that all of these defendants were purchasers, or are successors in title to the purchasers, at the said Special Master's sale of the rem forcloseure proceedings. . . . A portion of these defendants, being grantees of the purchasers of the said sale, and a portion of these defendants are grantees of the grantees of the purchasers at the said sale."

The defendants, "Lakeland" and Ronald A. Julian as Special Master answered for themselves and purported to answer "as representatives of each and every person claiming an interest in such property as described in the Complainant's Bill of Complaint, except such property as was sold by said Special Master to purchasers at said Special Master's sale on January 31, 1944."

No process was issued against any member of the defendant class except the named defendants.

The bill in this suit partakes of a bill of review and one to impeach a decree for fraud (see Wilson et al., v. Schaefer, 64 S.W. 208 for discussion of such bill) which will hereinafter be referred to as the "bill of review."

At the time of initial consideration of this appeal the record failed to contain proceedings had below respecting the prosecution by the plaintiffs of the suit as a "class suit" and the defense of the suit as a "class suit."

It has now been made to appear that after the filing of the "bill of review" the attorneys for the plaintiffs petitioned the Chancellor for an order authorizing the plaintiffs to prosecute the bill on behalf of the owners and lienors as of the time of the filing of the foreclosure suit and likewise for an order authorizing "Lakeland" and the Special Master to defend the suit on behalf of all claiming an interest in the property as an outgrowth of the foreclosure suit.

Upon the foregoing petition the Chancellor made a finding of fact and entered an order granting the petition and adjudicated that all the members of the plaintiff and defendant classes should be bound by the final decree and in said order very properly provided that interested parties "defendant" might intervene. It is supposed that he would have done as well for parties having an interest in the prosecuting if the occasion had been presented.

The Chancellor at final hearing of the "bill of review" vacated and annulled the final decree in "foreclosure suit" and dismissed that bill without prejudice. Whereupon the defendants to the bill of review appealed.

Appellant's assignments of error are:

"(1) The Court erred in denying the defendant's Motion to Dismiss the complainants' Bill of Complaint upon the ground that there was no equity in the bill.

"(2) The Court erred in rendering the final decree herein for the following reasons:

"(a) Because the record in this case shows that the Bill of Complaint was filed after the lapse of time provided by law for the review of the Final Decree in the former suit referred to herein.

"(b.) Because the record discloses that the only property and parties now affected by this suit are those properties which the defendants purchased at the Special Master's Sale in the original suit described herein, without any notice of any irregularities that were not a matter of record, for which this suit should have been brought before the time for appeal had expired."

The basis for relief in the "bill of review" is fraud and an original bill in the nature of a bill of review is allowed largely in the exercise of sound judicial discretion and is not limited to the time for taking an appeal. See Winter v. Lake Elbert Citrus Fruit Company, 122 Fla. 422, 165 So. 360.

*Warning Notice* (before suit commenced). Section 173.04 F.S.A. [1] provides that not less than thirty days before the commencement of the suit that:

(1) Written notice of intention to file the suit shall be given by registered mail to the last known address of a holder of the record title and lien holders except judgment liens of each tract;

(2) That such notice shall (a) briefly describe the particular lot or parcel of land; (b) shall state the amount of the tax certificate or special assessment liens sought to be enforced; (c) and shall warn that unless paid a suit to enforce same will be filed on or after a stated day.

The statute further provides that the city's attorney shall make a certificate to the effect that the foregoing notice has been given and that it shall be attached to the bill.

Relative to the "foreclosure suit" not such warning notice was given but in lieu thereof, the city directed that a newspaper notice be given. Neither did the city's attorney make

---

[1] " . . . At least thirty days prior to the filing of any such bill in chancery, written notice of intention to file the same shall be sent by registered mail to the last known address of the holder of the record title and to the holder of record of each mortgage or other lien, except judgment liens, upon each tract of land to be included in said bill in chancery; such notice shall briefly describe the particular lot or parcel of land, shall state the amount of tax certificate and special assessment liens sought to be enforced and shall warn said owner and holders of liens, mortgages, or other liens that on or after the day therein named said bill in chancery to enforce the same will be filed unless paid on or before said date."

the certificate that the statutory warning notice was given because it was not given.

*Constructive service of Process notice* (after commencement). Section 173.04 F.S.A.[2] requires that plaintiff's counsel shall make diligent inquiry as to the address of the record title and lien holders; that such counsel shall advise that the clerk in respect thereto; and the clerk shall thereupon mail by registered mail to such title and lien holders a copy of the constructive service of process notice as published, advising of the institution of the suit, the lands proceeded against, and the amount of liens sought to be enforced against the respective lots or parcels of land.

The plaintiffs' attorney in the "foreclosure suit" did not furnish the Clerk of the Court with the address of any title or lien holder and the Clerk did not mail to the title or lien holders any notice of process by publication and it has been made to appear that such was intentionally omitted on behalf of the City acting through their attorney in the foreclosure suit and plaintiffs in the "bill of review" had no actual notice of the pendency of said foreclosure suit. It is shown that the attorney for the plaintiff affirmatively directed the Clerk of the Circuit Court not to send the notice to owners and lienors as directed by the statute.

The proceedings had under the circumstances above recited and in disregard of the plain requirements of the statutes were a fraud on the right of the parties even though not jurisdictional.[3]

The plaintiffs purport to bring their "bill of review" as a class suit against the City and the master as representative of

---

[2] "A certificate of the attorney shall be attached to the bill of complaint to the effect that said written notice has been given, and such certificate shall be prima facie evidence, that the provisions of this section have been complied with. The complainant's counsel shall make diligent inquiry as to the address of the record title and holders of record liens other than judgments and the clerk of the circuit court shall mail by registered mail a copy of the notice hereinafter provided for, to such record owner and holders of record liens other than judgments at such last known address."

[3] "Jurisdiction of any of said lands and of all parties interested therein having any lien thereon shall be obtained by publication of a notice to be issued as of course by the clerk of the circuit court in which such bill is filed on the request of complainant, once each week for not less than four consecutive weeks, . . . "

In Reina v. Hope, 30 So. (2nd) 172 158 Fla. 771, it was urged by certain minors that their property was sold to the City at its foreclosure sale in proceedings under the prototype of Chapter 173.04 F.S.A. and thereafter by it conveyed to Hope and that because the Clerk sent the notice to the guardian instead of to the minors that the foreclosure decree was without jurisdiction and we held the prescription for sending notice by the Clerk was *not* jurisdictional and such minors had not been denied "due process" under such circumstances. The prescription of a statute in one respect may be directory and in another respect mandatory.

The City being the plaintiff in the foreclosure suit and the purchaser at foreclosure sale does not occupy the status of a bonafide purchaser for value without notice.

The plaintiffs purport to bring their "bill of review" as a class suit against the City and the master as representative of "each and every person claiming an interest in such property as described" in the bill "except such property as was sold by special master to purchasers at said master's sale on January 31, 1944."

The defendants "Marler et al." failed to describe in their answer the specific property claimed by them, and we cannot ascertain from the answer the "Lakeland" what affected by it at the time of filing of its answer.

It may be that the *named defendants* neither have nor claim any interest in any property as to which the *named plaintiffs* claim or have an interest.

It has been authoritatively stated:

" . . . An allegation that the plaintiff brought suit on his own behalf and in behalf of all others similarly situated does not, of itself, determine the character of the proceeding as a class suit, and does not establish such community of interest as would enable the plaintiff to represent the other persons interested in the subject matter. . . . "

"39 Am. Jur. p. 927

See also 30 Am. Jur. pp. 960-962."

In class suits it is important to plead and describe the class with certainty whether the class be plaintiffs or defendants and if they are considered so numerous as to make it impractical to bring them before the court it too should be plead

and proved with a fair degree of certainty. More is required than the mere pleading the language of the statute.

Our statute on class suits is as follows:

"When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole." [1]—63.14 F.S.A.

The statute authorized class representation when "the question" is one of common or general interest. A "question" related to what? Question of fact or law? A question related to the "subject matter" of the suit, or to the "object" of the suit? A "question" related to a common right?—to several rights? or—to joint rights? If the "interest" be "common or general" may the rights be separate and distinct? Also must they depend on the same basic factors? In the rule a matter of indulgence when joinder would otherwise be required? Or is it a matter of convenience for the benefit of the parties and the court?

Doubtless all the foregoing problems have been authoritatively and properly resolved both ways. Provisions by statute and court rules authorizing and relating to class suits must be general in their nature because the jurisprudence has not been able to settle these matters with formulistic certainty. Our statute like the former Federal Rule 38 from which it was taken is in broad and general terms and it should be applied with a consideration of its history and the requirements of fairness, convenience, "due process" and the circumstances of the case.

The provision for class suits is not a rule of law to be blindly followed without regard to the companion principle of law that no one can be bound by a judgment affecting his property without his day in court.

It is evident that the interest of persons not parties to

---

[1] Former Federal Rule 38 relating to class actions like section 63.14 F.S.A. was declaratory of the law. (See Fletcher's Equity Pleading and Practice; Daniell's Chancery Pleading and Practice and particularly Story's Equity Pleading (10th ed.) Section 97, p. 102, et seq.) and new Federal Rule 23 is a substantial restatement of the former Federal Rule 38 as it had been construed. See notes to New Federal Rules and Citation of authorities.

this suit can be better protected under the circumstances plead and proved herein when they defend for themselves after being proceeded against. The claimants to land sold by the master under the decree cannot be considered so numerous as to make it "impractical to bring them before the court." "Impractical" as used in the statute is not to be treated as synonymous with inconvenient.

Appellees on petition for rehearing respectfully complain and urge expressions from this Court upon the following matters:

"A. Whether the bill of complaint or petition filed in a foreclosure proceeding, when it failed to contain the description of the properties except in an instrument attached and not referred to, was a proper basis for such foreclosure proceeding.

"B. Whether the City Commission, in instructing the then City Attorney to proceed specifically as instructed by the Commission rather than as provided by statute, elected to proceed under the In Rem 1931 laws.

"C. Whether the Clerk of the Circuit Court had authority to, or did properly issue the notice to appear when it affirmatively appeared that the kind of bill as provided by the 1931 In Rem Act was not filed in the Clerk's office at the time the request for the notice to apear was made.

"D. Whether the Chancellor had the right or authority to enter a decree pro confesso or a final decree in said cause when it affirmatively appeared that the return of service, that is, the proof of publication, had not been filed in said cause.

"E. Whether Judge R. H. Rowe had authority to enter the decree pro confesso in said cause on April 29, 1943, when it appears that his period of assignment for services in this circuit expired at midnight on April 28, 1943.

"F. Whether the notice of sale published in the American Press without authority of the Special Master and without authority of the final decree was properly published.

"G. Whether the proceedings had by the publication of the Master's sale on January 14, 1945, prior to the filing of the final decree on January 15, 1945, and the recording of the final decree on January 21, 1945, or subsequent thereto, was sufficient and proper."

As to Item "B" (supra), we observe that the foreclosure suit was filed January 28, 1947, when Chapter 15038, Acts of 1931, had been superseded by Chapter "173 F.S. 1941" and, in event of a conflict between Chapter 15038 and the legislative act enacting "F.S. 1941," the latter will prevail as amending the prior chapter.

As to Items "D" and "E" (supra), a decree pro confesso is procedural in nature, and not jurisdictional, and for the Chancellor to proceed to final decree even without the proper entry of a decree pro confesso will not be held to be reversible error in the absence of showing of harm. Rushing v. Thompson, 20 Fla. 583; Neubert v. Mossman, 37 Fla. 91, 19 So. 625; Williams v. Clyatt, 53 Fla. 987, 41 So. 441; Welburn v. Sawyer, 68 Fla. 308. 67 So. 83; Oates v. Prudential Insurance Co., 107 Fla. 224, 144 So. 418.

As to Items "A," "C," "F," and "G," we think that in view of our decision on this appeal that we should not give expressions in the nature of an adjudication in respect thereto at this time.

It appears that the property claimed by plaintiff was sold by the Master to "various and sundry purchasers, including the City of Lakeland."

Upon the facts appearing from the record before us, we hold that the conduct of the City in wilfully failing to comply with provisions of the statute designed to advise property owners of the foreclosure proceedings, taken in connection with the other circumstances disclosed, constituted a legal fraud upon the rights of the plaintiff, and the City of Lakeland should not profit by this fraud. To the extent that lands in which plaintiff is interested are now held or claimed by the city by virtue of the foreclosure, plaintiff is entitled to a cancellation of the foreclosure, without prejudice to the City's liens attempted to be foreclosed.

An accurate description of these lands should be determined by the court below and a decree entered for plaintiffs as to these lands only.

As to lands claimed by plaintiff which were sold by the Master to innocent third parties, or to the City, and by it sold to innocent third parties, no opinion is expressed. Until such

794

persons have been properly brought into court, due process of law prevents the entry of any decree affecting their rights.

As to persons other than the plaintiffs whose property was sold in the foreclosure proceedings, too many questions of actual notice of the proceedings, waiver, estoppel, laches and ratification, depending upon facts which will differ as to the several items of property, may arise to justify any effort in this case to render a decree that would set all these questions at rest.

Since this cacse, to the extent that necessary parties are before the court, can be determined in favor of the plaintiff without passing upon the numerous other questions argued, we deem it best to refrain from attempting to decide all such questions until cases arise in which their determination is necessary.

Sufficient facts do not appear as to the property claimed by the defendants, Marler et al., to justify any decree for or against them.

Plaintiffs may apply to the lower court for leave to bring in additional parties as respects lands claimed by them, to the end that plaintiffs' title to all the land claimed by them may be determined.

The original opinion is withdrawn, rehearing is denied, the decree appealed from is reversed, and this cause is remanded for such other proceedings not inconsistent herewith as may be mete and proper.

THOMAS, C. J., TERRELL, BUFORD and CHAPMAN, JJ., and TAYLOR, Associate Justice, concur.