SMITPI, Chief Judge.
Mr. and Mrs. Denby, the plaintiff-appel-lees, filed their complaint for foreclosure of" a mortgage. The appellants, Mr. and Mrs... Searfone, were named as defendants. The-complaint alleged that the defendants executed and delivered to the plaintiffs their • promissory note evidencing an indebtedness-in the principal sum of $6,000.00. A copy of the note was attached to the complaint. It was further alleged that in order to-secure said note the defendants executed and delivered to the plaintiffs a mortgage-deed. This mortgage deed, a copy of'-' which was attached to the complaint, recites that it was given to secure the sum of-$14,900.00. The complaint further alleged.; *695 that the defendants had defaulted in the payment of the $6,000.00 note. The defendants moved to dismiss the complaint on the ground that no cause of action was stated. The plaintiffs filed a motion for summary judgment with supporting affidavits, attaching thereto the original note and mortgage and stating the amount due. By their counter-affidavits the defendants stated that the affidavit of the plaintiffs was incorrect and that the defendants have fully paid the alleged indebtedness. The defendants filed an answer to the complaint, affirmatively alleging that the indebtedness •claimed in the complaint had been fully paid by the defendants. The plaintiffs then moved for leave to amend their complaint on the ground that, through inadvertence, ■the complaint failed to allege that the defendants had executed and delivered to the plaintiffs a second promissory note which was also secured by the mortgage. The motion for leave to amend, together with notice of hearing thereon, was served upon .all parties.
At the hearing, on December 5, 1961, the court entered an Order, in pertinent part as ■.follows:
“CONSIDERED, ORDERED AND ADJUDGED, that the Plaintiffs, JAMES DENBY and INEZ DENBY, his wife, be and they hereby are granted their Motion for Leave to Amend, .said Amended Complaint to be filed within 8 days from the date of this ■Order, and it is
“FURTHER CONSIDERED, ORDERED AND ADJUDGED, that the Defendants herein be and they hereby are required to answer said Amended Complaint within 10 days from the date of the filing of said Amended Complaint.”
On December 11, 1961, the plaintiffs filed -their amended complaint, repeating the allegations of the original complaint and set- ■ ting forth additional allegations to the following effect: that at the time of the •execution and delivery of the $6,000.00 promissory note alleged in the original complaint, the defendants executed and delivered to the plaintiffs a second note in the amount of $8,900.00, a copy of which was attached; that payment of said $8,900.00 note was also secured by the aforementioned mortgage deed; that neither of the promissory notes had been paid; and that both were in default.
Under the terms of the Order, the defendants should have filed their answer to the amended complaint no later than December 21, 1961. On January 8, 1962, the plaintiffs filed their motion for decree pro confesso against the defendants, and the clerk entered a decree pro confesso against them on the same day. The cause then proceeded without notice to the defendants.
The plaintiffs filed their motion for summary final decree, submitting in support thereof affidavits to the effect that the $6,-000.00 note had been paid but the $8,900.00 note had not. Each of the original notes and the original mortgage were filed, along with affidavits as to the total amount due, costs, attorneys fees, and similar items. The court then entered its summary final decree of foreclosure in favor of the plaintiffs and against the defendants. Thereupon the defendants appealed, contending, inter alia, that their answer to the original complaint stood over as their answer to the amended complaint, and that, therefore, it was error to enter the decree pro confesso and to hold the subsequent proceedings without notice to them. We are of the view that the defendants’ answer to the original complaint did not stand over, pro tanto, as an answer to the plaintiffs’ amended complaint. We therefore affirm.
The Rule in effect at all times herein pertinent was Rule 1.15(a), Florida Rules of Civil Procedure, 30 F.S.A. This Rule provides as follows:
“A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and *696 the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may he the longer, unless the court otherwise orders.” (Emphasis supplied.)
The use of the mandatory word “shall” in the last sentence italicized above seems to provide, in itself, a clear and explicit answer to the question of whether the defendants were required to file an answer to the plaintiffs’ amended complaint, or whether the answer to the original complaint “stood over” as an answer to the amended complaint. However, a brief review of the history and development of this Rule emphasizes the significance of the word “shall.”
Prior to 1931, Equity Rule 59 was in effect in Florida. This Rule provided that:
“In every case where an amendment shall be made after answer filed, the defendant shall.put in a new or supplemental answer on or before the next succeeding rule day after that on which the amendment or amended bill is filed, unless the time therefor is enlarged or otherwise ordered by the judge or court, and upon his default the like proceedings may be had as in cases of an omission to put in an answer.”
During the period that Equity Rule 59 was in effect, an answer did not stand over to an amended complaint. See Chisholm v. Chisholm, 1930, 98 Fla. 1196, 125 So. 694; Tampa & Jacksonville Ry. Co. v. Harrison, 1908, 55 Fla. 810, 46 So. 592.
The procedure was changed by § 36 of the 1931 Florida Chancery Procedure Act, F.S.A. § 63.36 (the same as Equity Rule 36); which provided as follows:
“When a bill shall be amended after answer or motion filed or after a motion shall have been sustained with leave to amend, the defendant shall plead to the bill as amended within ten days after receipt of a copy of the amended bill or of the amendment, as the case may be, or within such time as may be fixed by the court; otherwise the original answer or motion shall be considered as pleaded to the bill as amended. The filing of an amended bill or of an amendment to a bill before answer or motion is filed shall not extend the defendant’s time for pleading, unless such time shall be extended by the court on the defendant’s ex parte application.” (Emphasis supplied.)
During the period that the Florida Chancery Procedure Act and Equity Rule 36 were in effect, an answer to the original complaint stood over as an answer to the amended complaint. This was clearly provided in the Rule.
Equity Rule 36 was carried over as Rule 36 of the Florida Equity Rules, which were adopted and promulgated in 1950 and amended in 1952. This 1950 revision of the civil procedure rules was the forerunner of the present Rules. Most of the Common Law and Equity Rules were blended or packaged together to comprise Section I of the 1954 Rules of Civil Procedure. Of course, some of them were left out. As one commentator has put it:
“In the merging or consolidating of existing rules, it became apparent that some rules should be revised, remodeled or replaced. Like the carpenter’s tools, the 1954 Rules of Civil Procedure represent a sharpening, shaping and, in general, an overhauling of existing rules to more nearly effect the just, speedy and inexpensive administration of justice.” 30 F.S.A., Forward, iii.
Rule 1.15, with which we are here concerned, is derived from Common Law Rule 15 *697 and Equity Rule 26. Equity Rule 36 was not carried over to Rule 1.15.
Thus, it may be seen that at one time an answer did not stand over to an amended complaint; then, by Rule change providing that if the defendant did not plead to the bill as amended, the original answer was considered as pleading to the bill as amended, the answer did “stand over” to the amended complaint. But the present rule omits the very clear language of Rule 36 which provided that an answer stood over to the amended complaint.
We agree with the Authors’ Comment, edited by Paul E. Raymond and James R. Wilson, appearing in Volume 30, F.S.A., pp. 376-377:
“When counsel is served with an amended pleading, he must act with respect to it. His pleading directed to the original pleading does not stand to the pleading as amended. He must either adopt his earlier pleading or replead to the amended pleading. The necessity for pleading to a supplemental pleading is governed by order.
“Where amendment is allowed by court order, merely repleading the same matter to the amended pleading may be avoided by having the order recite that an earlier pleading directed to the pleading to be amended shall stand to the pleading as amended.”
There is also an enlightening discussion of the 1954 Florida Rules of Civil Procedure in 7 U. of F. L. Rev. 125 et seq. This article was written by Winston E. Arnow and Clarence E. Brown, who participated as members of the Florida Bar Association’s Committee on Civil Procedure. With respect to the question at bar, the authors said (at 133):
“It should be noted that former Equity Rule 36, allowing the original answer or motion to stand over to the bill as amended, is not carried forward. Under these rules when an amended complaint is served the answer or motion to the prior complaint does not stand over to the amended complaint, at least absent court order to that effect. Of course the defendant wishing his prior answer or motion to be considered as the answer or motion to the amended complaint may simply serve a short answer or motion to the amended complaint, adopting by reference the prior motion or answer.”
Rule 1.15(a), Florida Rules of Civil Procedure, is a verbatim adoption of Federal Rule 15(a). Research discloses only one decision dealing with the question here involved; and while not directly decisive, it indicates the answer to the question. In Deming v. Turner, D.C.D.C.1945, 63 F.Supp. 220, at 222, the court said:
“The last pleading in the case is an amended complaint, to which no answer has been filed. Ordinarily, either an answer should be interposed to an amended complaint, or a stipulation should be made that the answer to the original complaint shall stand as the answer to the amended complaint. The fact that both parties presented this motion as though the original answer was responsive to the amended complaint, is equivalent to such an implied stipulation or a tacit acquiescence. The court will, therefore, proceed on the assumption that the answer to the original complaint is to be regarded as being also an answer to the amended complaint. ?{c )>
In arriving at the conclusion that the defendants’ answer to the original complaint did not stand over as an answer to the plaintiffs’ amended complaint, and that, therefore, the defendants were in default — ■ both under the Rules and under the specific order of the court entered in this cause, we have not overlooked the decision' in Craver v. Ramagli Realty Co., Fla.App.1959, 109 So.2d 187, wherein our sister court in the Third District arrived at a conclusion essentially contrary to ours. Irrespective of the fact that that decision was vacated by *698 the Supreme Court with directions to enter an order dismissing the appeal solely for lack of jurisdiction, Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648, we have considered and rejected the reason, logic and authorities relied upon by that Court.
As was noted in Bergovoy v. Atlantic Electric, Inc., Fla.App.1962, 140 So.2d 885, the question was presented as to whether the plaintiff’s answer to the original counterclaim stood over to Count II of the amended counterclaim. However, as there clearly stated, that decision was rendered on the sole basis that it was an abuse of discretion to deny plaintiff’s motion to vacate the decree pro confesso and the final decree entered on the counterclaim. Thus, the question at bar was not determined. Our research has not disclosed any determinative decision in Florida.
In reply to the contention of the appellant that the Rules should not permit one party to gain unjust advantage of his adversary, we quote the words in Prout v. Dade County Security Co., 1908, 55 Fla. 816, 47 So. 12, as appropriate here:
“ * * * The object of a statute authorizing a decree pro confesso was to provide a just and reasonably expeditious mode of obviating the delays and difficulties to which complainants were subjected by the neglect of defendants and their disobedience of the mandates of the court, and no construction of the statute should be indulged that would encourage defendants in their' neglect of the process of the court * * * »
With regard to the appellants’ contentions with respect to the sufficiency of the motion for entry of the decree pro con-fesso, we concede that the motion could have been in better form. However, the entry of a decree pro confesso is procedural in nature and not jurisdictional, and it has been held to be not reversible error, in the absence of a showing of harm, for the court to proceed to final decree even without the entry of a decree pro confesso. City of Lakeland v. Chase National Bank, 1947, 159 Fla. 783, 32 So.2d 833.
The record here does not disclose any reason for the defendants’ failure to answer-plaintiffs’ amended complaint. There was-no motion to set aside the decree pro con-fesso, and there was no petition for rehearing of the final decree. We note that counsel for appellants did not represent the-defendants' in the trial court.
The decree is affirmed.
ALLEN and SHANNON, JJ., concur..