HENDRY, Chief Judge.
Suit was instituted by Santini Bros., Inc., against the defendant-taxing officials through the filing of a complaint seeking declaratory and injunctive relief. Santini Bros, asserted in its complaint that it was an auto transportation company duly qualified under Chapter 323, Fla.Stat., F.S.A. It was alleged that Santini Bros, paid the mileage tax imposed by § 323.15, Fla.Stat., F.S.A., and therefore is exempt or not subject to taxation- under Chapter 205, Fla. Stat., F.S.A., which chapter sanctions the imposition of license taxes on various businesses and occupations by counties wishing to levy such taxes. This position is based upon § 323.15(6), Fla.Stat., F.S.A., which reads in part:
“The road tax provided for in • this section shall be in lieu of all other taxes and fees of every kind, character and description, state, county or municipal, including excise and license taxes levied or imposed against such motor carriers, or the operation of such business and facilities thereof, or their property * *
Santini Bros, further alleged that it was required to pay the county’s 1963-1964 occupational license tax despite the above quoted statutory language. By way of relief it sought a refund of the 1963-1964 license tax and a declaration from the court that it was not subject to the payment of such tax in the future because of § 323.15 (6), supra.
The taxing officials answered that while Santini Bros.’ auto transportation company is fully entitled to the occupational tax exemption, Santini Bros, was als.o engaged in a separate business, namely, warehousing, storage and packing, which separate business is not entitled to the exemption.
The chancellor determined that the warehousing, storage and packing is incidental to Santini Bros.’ business as an auto transportation company, and, therefore, it is exempt from the taxes as imposed by the taxing officials.
The evidence reveals that the primary business of Santini Bros, is an auto transportation business. Its general- manager testified that it might be possible that the company handled transactions which involve storage only. The general manager further stated that the company would undertake the packing and/or storage of mer *188 chandise where no movement of the merchandise was involved.
The advertisement for Santini Bros, in the Greater Miami Telephone Directory which was introduced into evidence shows that the company solicited the following business: Local Moving, Long Distance Moving, Office Moving, Storage and Packing.
Both parties relied on the Town of Arlington v. Central of Georgia Ry. Co., 127 Ga. 721, 56 S.E. 1015 (1907) which was used as the basis for an opinion by the Attorney General of Florida, 1962, Op. Atty. Gen., 062-121, Sept. 28, 1962. The Attorney General’s opinion answered in the affirmative the question:
“Where a transfer and storage company, licensed and operating under and pursuant to Ch. 323, F.S., and engaging in a general warehouse and storage business wherein, for a charge, goods, wares and merchandise are stored, when not in transit and unconnected with the company’s business of hauling and trucking, is such company subject to an occupational license tax under § 205.53 F.S.?”
In the Arlington case, above, the Supreme Court of Georgia found that the common carrier in question received no goods merely for storage, but that the business of a warehouseman was a necessary incident to its business as a common carrier. The common carrier neither sought nor desired to have goods for storage but was on occasion compelled to do so. The court determined that under the facts the common carrier was not subject to an occupational tax. The court did indicate that the decision might be different if the common carrier was engaged in the business of a warehouseman, separate and distinct from its business as a common carrier.
The evidence adduced from the general manager of Santini Bros, shows that the company is prepared to accept goods for storage and pack merchandise even if no hauling or transportation services are to be provided. While the actual incidence of such services might be but a small percentage of the company’s total business, this would not make such service a necessary incident to its business as a common carrier.
It is our determination that Santini Bros, is engaged in the storage and packing business unconnected with the company’s business of hauling and trucking. As such, it is subject to an occupational tax under Chapter 20S Fla.Stat., F.S.A.
Therefore, the decree appealed is reversed.
Reversed.
CARROLL, J., dissents.