PER CURIAM.
Plaintiffs appeal from an adverse final declaratory and- injunctive decree. The comprehensive decree made extensive findings of fact and ruled that Dade County and four municipalities could levy occupational license taxes on plaintiffs and that this action was not a proper class suit.
Plaintiffs’ first point on appeal is: “Can the taxing authorities (defendants) impose an occupational license tax for warehousing under the facts in this case, on companies operating under certificates of public convenience and necessity issued by the Florida Public Service Commission and pursuant to F.S. 323.15 and 323.16? [F.S.A.]”
We have considered the point raised and argued and conclude the trial judge was correct and should be affirmed. See Over- *856 street v. Santini Bros., Fla.App.1966, 189 So.2d 186; and Panama City v. Hi-Octane Terminal Company, Fla.App.1960, 121 So. 2d 197.
Plaintiffs’ final point for reversal is directed toward that part of the final decree in which the court declined to accept the case as a class action. Port Royal, Inc. v. Conboy, Fla.App.1963, 154 So.2d 734 held that the essential ingredients of a class action was a common right of recovery based on the same essential facts. The final decree herein stated, in pertinent part:
“Since the facts relating to the four main plaintiffs are not wholly the same, and since the court has no knowledge of the facts applicable to the other 77 members of the alleged class because no relevant testimony was adduced as to them, the court will not regard this cause as a single class action * * * ”
See Osceola Groves v. Wiley, Fla.1955, 78 So.2d 700; and City of Lakeland v. Chase Nat. Co., 159 Fla. 783, 32 So.2d 833 (1947). We find no reversible error in the trial court order declining to accept this case as a class action.
The final decree also set forth certain principles of criteria which the defendant taxing authorities and officials were required to follow. It enumerated approximately six principles or criteria which the court indicated should be followed in the instant case. We express no opinion as to the validity of these principles or criteria or as to whether they should be applied in other or similar taxing cases as we are of the view that they are not properly before us in this appeal.
We have discussed and decided the only two points raised by the plaintiffs in their appeal from the final decree.
For the aforesaid reasons the final decree is
Affirmed.