QUESTION: May counties or municipalities levy set-up fees, registration fees, and impose bonding requirements on mobile home carriers certificated by the Public Service Commission?
SUMMARY: Chapter 323, F.S., preempts the field of monetary obligations that can be imposed on mobile home carriers in the State of Florida. Counties and municipalities may not require occupational licenses, set-up fees, registration fees, or other fees imposed for revenue purposes or the posting of a bond by any mobile home carrier certificated by the Florida Public Service Commission. Your question is answered in the negative, assuming the set-up and registration fees are imposed for revenue purposes. Pursuant to Ch. 323, F.S., the licensing and regulation of motor carriers, including mobile home carriers, is vested in the Florida Public Service Commission, with certain exceptions therein named, including that of municipal regulation under certain circumstances. See AGO 075-72. Section 323.15 levies a road tax upon said motor carriers and subsection (6) thereof provides: The road tax provided for in this section shall be in lieu of all other taxes and fees of every kind, character and description, state, county or municipal, including excise and license taxes levied or imposed against such motor carriers, or the operation of such business and facilities thereof, or their property, except ad valorem taxes levied upon the property other than motor vehicles of such motor carriers, the gasoline tax and motor vehicle fuel tax, the motor vehicle license tax now or hereafter provided for by law, the sales tax imposed by chapter 212, and the income tax imposed by chapter 220. (Emphasis supplied.) Section 323.07, F.S., provides in pertinent part: "No municipality shall have the right to require any such motor carrier to furnish any bond or insurance policy, or pay any license, fee or tax except as herein provided." These provisions constitute a preemption by the state in favor of the Public Service Commission of the field of monetary prerequisites. Isern v. City of West Miami, 244 So.2d 420 (Fla. 1971). This preemption proscribes cities and counties from charging any license tax, registration fee or permit, or fee by whatever name it might be labeled if for revenue purposes. Municipalities are prohibited under all circumstances from requiring any mobile home carrier to post a bond. Counties are not so expressly covered but would likewise be precluded to the extent of the carrier's compliance with the mandatory bonding requirements of s. 323.06, F.S. Chapter 205, F.S., the Local Occupational License Tax Act, would be authority for cities and counties to require mobile home carriers to purchase revenue licenses in the absence of the preemption. However, the courts have recognized that s. 323.15(6), supra, carves out an exemption to Ch. 205 insofar as the license purports to cover or in effect covers the motor carrier business. Overstreet v. Santini Bros.,189 So.2d 186 (3 D.C.A. Fla., 1966); Tamiami Trail Tours, Inc. v. City of Orlando, 120 So.2d 170 (Fla. 1960); AGO 061- 192. The s. 323.15(6), supra, preemption would also prohibit any attempted occupational licensing of the mobile home carrier as to the incidental services performed. Overstreet v. Santini Bros., supra; AGO's 061-198 and 062-121. Rule 25-5.187(a), F.A.C., defines the incidental services that may be performed by a mobile home carrier to include, but not be limited to: . . . blocking and unblocking, installing or removing or furnishing undercarriages or parts thereof; assembly and disassembly of expandos or multiple units, or carports, cabanas and awnings; and, packing and unpacking contents of a mobile home; anchoring and unanchoring; and connecting and disconnecting utility service from permanent adjacent facilities (but not installing or removing permanent facilities). If a mobile home carrier performs these services unconnected with the transportation of a mobile home, such activities may constitute a separate and independent business which may be licensed under an appropriate ordinance. Overstreet v. Santini Bros., supra.